In the Matter of the Arbitration Between, **HAWAII NURSES' ASSOCIATION COLLECTIVE BARGAINING ORGANIZATION, Plaintiff,**

v.

**KAPIOLANI HEALTH CARE SYSTEM, dba Kapiolani Medical Center for Women and Children, Respondent.**

Civ. No. 95–00139 DAE.

United States District Court,
D. Hawai'i.

May 23, 1995.

Rebecca L. Covert, Takahashi & Masui, Honolulu, HI, for petitioner.

Patrick H. Jones, Charles M. Heaukulani, Carlsmith Ball Wichman Murray, Case Mukai & Ichiki, Honolulu, HI, Richard C. Rybicki, Mark J. Stubington, William J. Emanuel, Morgan Lewis & Bockius, Los Angeles, CA, for respondent.

## ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S MOTION FOR STAY OF PROCEEDINGS

DAVID ALAN EZRA, District Judge.

The court heard the motions on May 22, 1995. Rebecca L. Covert, Esq., appeared on behalf of Petitioner Hawaii Nurses Association (the "Union"). William J. Emanuel, Esq., appeared on behalf of Respondent.[1] After reviewing the motions and the supporting and opposing memoranda, the court DENIES Petitioner's Motion for Summary Judgment and GRANTS Respondent's Motion to Stay the Proceedings.

## BACKGROUND

This action arises out of an underlying dispute over the scope of two collective bargaining agreements ("CBAs") which are in place at Kapiolani, governing the registered and licensed practical nurses ("nurses") employed at the facility. The Union states that these agreements also cover the nurses employed at Kapiolani Medical Center at Pali Momi ("Pali Momi"). Respondent vigorously disputes this asserting that the CBAs cover only the nurses employed at Kapiolani. Respondent states that the Union's action is an attempt "to force an unlawful accretion of the unrepresented nurses" employed at Pali Momi. Respondent's Memorandum in Support at 1.

On September 16, 1994, the Union filed two grievances with Kapiolani's Director of Labor Relations, Myra Oliveira. These grievances alleged that Respondent was violating the CBAs by refusing to recognize that the nurses at Pali Momi were also covered by the CBAs. Kapiolani rejected these grievances. Kapiolani stated that it could not lawfully agree to accrete the Pali Momi nurs-

---

**1.** Respondent Kapiolani Medical Center for Women and Children ("Kapiolani") states that it has been erroneously sued as "Kapiolani Health Care System dba Kapiolani Medical Center for Women and Children" ("KHCS"). Kapiolani states that KHCS was erroneously named in the caption, and is the parent corporation of Kapiolani. Kapiolani states that KHCS is neither signatory to nor bound by either of the collective bargaining agreements at issue in this action. Kapiolani further states that KHCS is not an employer of any of the employees involved in this action.

The Union argues that Kapiolani Health Care System is a holding company supporting, promoting, and maintaining its two non-profit facilities, Kapiolani Medical Center for Women and Children and Kapiolani Medical Center at Pali Momi. See Exhibit A, Amendments to the Charter of Incorporation, attached to Petitioner's Op-

position and Reply. Kapiolani Health Care System is the sole voting member of the Corporation. See Exhibits C and D attached to Id. The Union states that during the hearings before the NLRB on this dispute, the parties stipulated that Kapiolani Health Care System; Kapiolani Medical Center for Women and Children and Kapiolani Medical Center at Pali Momi were "a single employer." See Exhibit L at 6, attached to Respondent's Concise Statement of Facts.

The court declines to rule on this issue as it appears to impact precisely upon the merits of the grievance itself, as well as the issue under submission before the NLRB. A court may not consider the merits of a grievance in determining whether a dispute is arbitrable. *United Food and Commercial Workers Union v. Geldin Meat Co.*, 13 F.3d 1365, 1368 (9th Cir.1994). Therefore, the court will not change or alter the caption, or the parties at this time.

es into the Kapiolani bargaining unit, as Kapiolani took the position that the Union did not represent the Pali Momi nurses.

On September 30, 1994, the Union filed its intent to arbitrate these grievances, pursuant to Sections 29.2(b) and (h) of the respective CBAs.[2] Kapiolani refused to pursue arbitration of this dispute and instead filed two unit clarification petitions with the National Labor Relations Board ("NLRB"). Respondent requested that the NLRB rule that the Pali Momi nurses are not an accretion to the Kapiolani Women's and Children's collective bargaining units. A hearing was held before the NLRB and is now under submission on this accretion issue. Both parties have filed post-hearing briefs and are now waiting for the NLRB's determination of the issue.

The Union filed a motion to compel arbitration in the Circuit Court of the First Circuit, State of Hawaii. This motion seeks arbitration of the Union's position that the registered and licensed practical nurses at Pali Momi are covered employees under the respective collective bargaining agreements covering the Kapiolani Women's and Children's Center nurses. Respondent removed the action to this court on February 13, 1995.

The Union now files a motion for summary judgment to compel arbitration. The Union argues that it is entitled to summary judgment on this issue because the court has the authority to compel arbitration. Kapiolani states that it does not dispute the fact that the court can compel arbitration of union representation issues. However, Respondent argues that the court in its discretion should stay the proceedings in this case until the NLRB has ruled upon the issue of accre-

tion of the Pali Momi nurses to the Kapiolani Women's and Children's bargaining units. Respondent argues that the very issue that the Union requests this court to compel to arbitration is the identical issue now under submission to the NLRB.

## STANDARD OF REVIEW

### I. Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). In a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *State Farm Fire & Casualty Co. v. Martin*, 872 F.2d 319, 320 (9th Cir.1989).

Once the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *T.W. Elec.*, 809 F.2d at 630; Fed.R.Civ.P. 56(e). The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Intel Corp. v. Hartford Accident & Indemnity Co.*, 952 F.2d 1551,

---

2. The CBAs state in relevant part:
29.2 Procedure

\* \* \* \* \* \*

(b) When an employee covered by this Agreement or the Association believes that the Employer has violated the express terms and provisions of this Agreement and that by reason of such violation one of the employee's or the Association's rights under this Agreement has been adversely affected, the affected party shall be required to follow the procedure hereinafter set forth in presenting the grievance.

\* \* \* \* \* \*

(h) Step 4– (Arbitration) If the grievance is not adjusted at Step 3, the Association shall notify the Employer in writing of the intent to submit the grievance to arbitration within seven (7) calendar days. A grievance at the fourth step shall be submitted to an arbitrator who shall be chosen from the following panel of arbitrators: (omitted)

1558 (9th Cir.1991). The nonmoving party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. *T.W. Elec.,* 809 F.2d at 630; *Blue Ocean Preservation Soc. v. Watkins,* 754 F.Supp. 1450, 1455 (D.Haw.1991); Fed.R.Civ.P. 56(e). If the nonmoving party fails to assert specific facts, beyond the mere allegations or denials in its response, summary judgment, if appropriate, shall be entered. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 884, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990); *T.W. Elec.,* 809 F.2d at 630; Fed.R.Civ.P. 56(e). There is no genuine issue of fact if the opposing party fails to offer evidence sufficient to establish the existence of an element essential to that party's case. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Citadel Holding Corp. v. Roven,* 26 F.3d 960, 964 (9th Cir.1994); *Blue Ocean,* 754 F.Supp. at 1455.

■ In considering a motion for summary judgment, "the court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec.,* 809 F.2d at 631 (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). Inferences must be drawn in favor of the nonmoving party. *T.W. Elec.,* 809 F.2d at 631. However, when the opposing party offers no direct evidence of a material fact, inferences may be drawn only if they are reasonable in light of the other undisputed background or contextual facts and if they are permissible under the governing substantive law. *Id.* at 631–32. If the factual context makes the opposing party's claim implausible, that party must come forward with more persuasive evidence than otherwise necessary to show there is a genuine issue for trial. *Bator v. State of Hawaii,* 39 F.3d 1021, 1026 (9th Cir.1994) (citing *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988)).

## II. Authority to Compel Arbitration

■ Federal courts are empowered to compel arbitration of union representation issues under Section 301 of the Labor Management Relations Act. *Carey v. Westinghouse Electric Corp.,* 375 U.S. 261, 272, 84 S.Ct. 401, 409, 11 L.Ed.2d 320 (1964). If the NLRB should later disagree with an arbitration award, the NLRB's ruling takes precedence. *Id.* However, the NLRB has considerable discretion to respect an existing arbitration award and decline to exercise its authority over alleged unfair labor practices. *Id.* at 271, 84 S.Ct. at 408–09. In labor contracts with arbitration clauses, the presumption of arbitrability is very strong. *Dennis L. Christensen v. General Building Contractor, Inc.,* 952 F.2d 1073, 1076 (9th Cir.1991). This is particularly so where the arbitration clause is broad. *Id.* at 1077 (citing *Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council,* 940 F.2d 513, 517 (9th Cir.1991). In such a case, only an express exclusion of the particular grievance or "the most forceful evidence of a purpose to exclude a claim" from arbitration will avoid referral of the dispute to arbitration. *Id.* (quoting *AT & T Technologies v. Communications Workers,* 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986)). In other words, the court may not dismiss a petition to compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). Where a collective bargaining agreement can be interpreted to cover a dispute which is not explicitly excluded by the agreement, all doubts must be resolved in favor of arbitrability. *AT & T Technologies,* 475 U.S. at 650, 106 S.Ct. at 1419.

In determining whether a dispute is arbitrable, a court may not consider the merits of the grievance. *United Food and Commercial Workers Union v. Geldin Meat Co.,* 13 F.3d 1365, 1368 (9th Cir.1994). The Ninth Circuit Court of Appeals has stated:

Our own cases similarly recognize that the court should not look to substantive provi-

sions of a collective bargaining agreement except insofar as it is necessary to consider exclusions to an arbitration clause.... [W]here there are no such exclusions from arbitration, we have limited our inquiry to the arbitration clause itself and refused to consider substantive provisions.

*Id.* at 1369.

## III. Authority to Stay Proceedings

■■■■■ The court has discretion to stay enforcement of an arbitration award issued under a collective bargaining agreement pending the NLRB's decision on unfair labor practice claims. *Nelson v. International Brotherhood of Electrical Workers, Local Union No. 46, AFL–CIO*, 899 F.2d 1557 (9th Cir.1990). The NLRB has primary jurisdiction to construe the National Labor Relations Act and to "determine what is or is not an unfair labor practice." *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83, 102 S.Ct. 851, 859, 70 L.Ed.2d 833 (1982); *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741 (9th Cir.1985). The NLRB and the district court share "concurrent jurisdiction over cases legitimately involving both unfair labor practice charges and breach of collective bargaining agreement claims." *Central Valley*, 762 F.2d at 746. The district court has primary jurisdiction over labor disputes involving primarily a question of contract interpretation. *Nelson*, 899 F.2d at 1563.

■■■ Where there is a contractual interpretation issue which is closely related to an unfair labor practice charge already presented to the NLRB, the district court must exercise its discretion to determine whether the proceedings should be stayed until a final disposition of the NLRB proceeding. *Central Valley*, 762 F.2d at 746.

## DISCUSSION

■■■ The Union asks this court to grant summary judgment in its favor, thereby compelling arbitration of this matter. Kapiolani states that it does not dispute that the court can compel arbitration here. This court agrees with Petitioner that this matter is referable to arbitration, and may be properly compelled. However, Kapiolani argues that for purposes of judicial economy, and "in deference to the primary jurisdiction of the NLRB" this court in its discretion should stay the proceedings pending a decision from the NLRB. *See Hotel Employees Local 5 v. Nimitz*, 126 LRRM 2181, 1987 WL 109096 (D.Haw.1987).

The issue which the Union wishes this court to compel to an arbitration proceeding, whether the Kapiolani CBA covers the Pali Momi nurses, is virtually identical to the issue now before the NLRB: Whether the Pali Momi nurses may be properly accreted within the Women's and Children's nurses bargaining units. If the NLRB finds that the accretion is improper, then there is no issue left to be arbitrated. Thus, if the Union's contractual issue is arbitrated and decided now, there is a possibility that the NLRB, either during the pendency of the arbitration proceeding or after, will make a contrary decision. If this should happen, the arbitration award would be subject to vacation.

The Union argues that its members would be prejudiced if the NLRB delays in making its ruling; that reaching a decision might be a protected process due to "several troubling issues that the Board must address."[3] However, rather than weighing toward compelling arbitration, these arguments militate in favor of staying the proceedings until the Board has had a chance to review and decide these issues. The NLRB, not this court, has

**3.** The Union states that the Board must: (1) determine whether it can decide Kapiolani's unit clarification petitions before deciding the Union's unfair labor practice petitions; (2) decide the Union's argument that the Board dismiss Kapiolani's unit clarification petitions; (3) decide the issue of untimely mid-term unit clarification requests and the effect of certain clauses in a Letter of Agreement between the Union and Kapiolani; and (4) decide the merits of the unit clarification petitions. See Petitioner's Opposition and Reply at 10.

The court notes that points (2) and (3) are basically the same issues carefully rephrased. Moreover, all of these factors are inextricably intertwined, and do not appear to make the question before the NLRB any more "troubling," and therefore protracted, than any other issue brought to the Board.

primary jurisdiction over these issues. The court agrees with the Union that it has jurisdiction to compel arbitration in this matter. But it would seem imprudent to compel an arbitration proceeding where the very same matter has already been heard, and is under consideration, by the NLRB. The more measured and judicious path would appear to be to stay the proceedings until the Board has made its ruling. At that point, if arbitration is still warranted, either the parties will agree to arbitrate the remaining issues or the Union may then proceed with its motion to compel arbitration.

The court finds that a stay of all proceedings is appropriate. As noted above, the court enjoys discretion to stay this matter. Deferral to the NLRB is appropriate until the Board can rule. *Nelson,* 899 F.2d at 1563–64. The NLRB's decision will, of course, bind this court. *United States v. General Dynamics,* 828 F.2d 1356, 1360 (9th Cir.1987).

Additionally, such a stay will serve judicial economy. The accretion issue is already before the NLRB, and any decision by the NLRB on this issue will necessarily determine any other unfair labor practice relating to the scope of the bargaining unit. A decision by the NLRB will determine whether or not arbitration is even necessary or mandated. By staying these proceedings, the court would be conserving both the parties and the court's time and effort.

In contrast, granting relief as requested by the Union and compelling arbitration of this matter would run counter to judicial economy, as it would lead to a parallel proceeding, requiring duplicative efforts of counsel.[4]

Accordingly, while the court agrees that it has the authority to compel arbitration in this matter, the court declines to do so, and orders a stay of the proceedings until such time as the NLRB has issued its ruling.

### CONCLUSION

For the reasons stated above, the court DENIES the Petitioner's motion for summary judgment to compel arbitration and GRANTS Respondent's motion to stay all proceedings in this case. If the NLRB has not issued its ruling within 180 days of the date of this order, Petitioner may request this court to address this matter again.

IT IS SO ORDERED.

---

4.  In so holding, the court is **not** making a finding on Respondent's argument that Petitioner's Motion for Summary Judgment to Compel Arbitration is an attempt to force Respondent to commit an unfair labor practice.